**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID NATHANIEL ROBERTS,<br><br>               Plaintiff,<br><br>     v.<br><br>KERN VALLEY STATE PRISON,<br>et al.,<br><br>               Defendants. | **1:22-cv-01505-GSA-PC**<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AS BARRED BY STATUTE OF LIMITATIONS**<br>**(ECF No. 1.)**<br><br>**THIRTY-DAY DEADLINE TO RESPOND** |

## I.   BACKGROUND

David Nathaniel Roberts ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On September 12, 2022, Plaintiff filed the Complaint commencing this action at the Sacramento Division of the United States District Court for the Eastern District of California.  (ECF No. 1.)  On November 21, 2022, the case was transferred to the Fresno Division.  (ECF No. 12.)  The Complaint is now before the court for screening.  28 U.S.C. § 1915.

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

III.   **SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff is presently incarcerated at the California Health Care Facility in Stockton, California. The events at issue in the Complaint allegedly occurred at Kern Valley State Prison (KVSP) in Delano, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation. Plaintiff names as defendants KVSP, Kern County, Warden Henderson, and Correctional Officer Franco (collectively "Defendants").

Plaintiff alleges that on July 28, 2018, he was beaten up in handcuffs by Correctional Officer Franco and other officers, and suffered broken ribs, broken teeth, busted mouth, swollen nose, bruised foreheat with cuts, fractured jaw, swollen cheekbone, and bruises all over his chest and body. Plaintiff also alleges that he was not given a 7219 medical evaluation, treated for his injuries by a nurse, or taken to a doctor.

IV.     STATUTE OF LIMITATIONS

In federal court, federal law determines when a claim accrues, and "under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'"  Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)).  In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions.  Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914.  California's two-year statute of limitations for personal injury actions applies to 42 U.S.C. § 1983 claims.  See Jones, 393 F.3d at 927.  California's statute of limitations for personal injury actions requires that the claim be filed within two years.  Cal. Code Civ. Proc., § 335.1.

In actions where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period found in state law.  See Hardin v. Straub, 490 U.S. 536, 539, 109 S.Ct. 1998, 2000 (1989).  Pursuant to California Code of Civil Procedure, § 352.1, a two-year limit on tolling is imposed on prisoners.  Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Code Civ. Proc., § 352.1.  In addition, under the Prison Litigation Reform Act, an applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process. Civil Rights of Institutionalized Persons Act, § 7(a), 42 U.S.C.A. § 1997e(a).

Although the statute of limitations is an affirmative defense that normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records.  Franklin v. Murphy, 745 F.2d 1221, 1228-1230 (9th Cir. 1984).  See Levald, Inc.

///

v. City of Palm Desert, 988 F.2d 680, 686-87 (9th Cir. 1993).  That is the case here – the defense appears complete and obvious from the face of the complaint.

Plaintiff alleges that on July 28, 2018, he was beaten and injured by Defendant Correctional Officer Franco and other officers at KVSP.  Based on these allegations, it appears that the statute of limitations for Plaintiff's injuries began to run on or about July 28, 2022.  Plaintiff did not file this lawsuit until more than four years later, on September 12, 2022.  Even allowing for tolling of the limitations period while Plaintiff exhausted his remedies, it appears that Plaintiff may not have filed this lawsuit before the statute of limitations expired. Therefore, the court finds that on the face of the Complaint, Plaintiff's claims against Defendants are barred by the statute of limitations.

Plaintiff shall be granted thirty days to respond to this order.

## V.    CONCLUSION AND ORDER

The court finds that on the face of Plaintiff's Complaint for this action, his claims may be barred by the applicable statute of limitations.  Therefore, the court shall issue an order for Plaintiff to show cause why this case should not be dismissed as barred by the statute of limitations.

### ORDER TO SHOW CAUSE

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1.    Within thirty days from the date of service of this order, Plaintiff is required to file a response in writing, showing why this case should not be dismissed as barred by the statute of limitations; and

2.    Failure to comply with this order may result in the dismissal of this case.

IT IS SO ORDERED.

Dated:   __**November 28, 2022**__        _____**/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE

4