**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID NATHANIEL ROBERTS,<br><br>                Plaintiff,<br><br>        v.<br><br>KERN VALLEY STATE PRISON, et al.,<br><br>                Defendants. | **1:22-cv-01505-GSA-PC**<br><br>**ORDER FOR CLERK OF COURT TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE**<br><br>    **AND**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S IN FORMA PAUPERIS STATUS UNDER 28 U.S.C. § 1915(g) BE REVOKED, AND PLAINTIFF BE REQUIRED TO PAY THE $402.00 FILING FEE IN FULL WITHIN THIRTY DAYS**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

**I.      BACKGROUND**

David Nathaniel Roberts ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On September 12, 2022, Plaintiff filed the Complaint commencing this action at the Sacramento Division of the United States District Court for the Eastern District of California.  (ECF No. 1.)  On September 29, 2022, the Court granted Plaintiff's application to proceed *in forma pauperis*, (ECF No. 8) and directed the California Department of Corrections and Rehabilitation to deduct payments from Plaintiff's prison trust account for payment of the filing fee and forward payments to the Court, (ECF No.

9).  On November 21, 2022, this case was transferred to the Fresno Division of the Court.  (ECF No. 12.)

The Court finds that Plaintiff had at least three "strikes" under 28 U.S.C. § 1915(g) prior to filing this action and that Plaintiff was not in imminent danger of serious physical injury at the time he filed this action.  Therefore, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

## II.  THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it . . . .  This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). See also O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) ("no 'particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal.'") (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 986-87 (9th Cir. 1999)) (alteration in original).

## III.  ANALYSIS

### A.  Strikes

Plaintiff initiated this action on September 12, 2002. (ECF No. 1). The Court finds that prior to this date, Plaintiff had at least three cases dismissed that count as "strikes" under 28 U.S.C. § 1915.  The Court takes judicial notice of the following: 1) Roberts v. Huckleberry, E.D. CA, Case No. 1:18-cv-01237, ECF Nos. 35 & 57 (dismissed for failure to state a claim);[1]  2)

---

[1] One of the defendants, Kern Valley State Prison, was dismissed because it was entitled to Eleventh Amendment Immunity. Huckleberry, ECF No. 35 p. 5; ECF No. 57. "Congress' omission of

Roberts v. KVSP Investigation Service Unit, E.D. CA, Case No. 1:19-cv-01055, ECF Nos. 12 & 14 (dismissed for failure to state a claim); 3) and Roberts v. CDC-R Trust Office, C.D. CA, Case No. 5:20-cv-00977, ECF No. 5 (dismissed as frivolous, malicious, or for failure to state a claim).[2]

### B. Imminent Danger

As Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). See also Martin, 319 F.3d at 1050 ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g) . . . ."). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

---

immunity-based dismissal from the strike provision in § 1915(g) evidences its intent generally not to include this dismissal ground as a strike." Harris v. Harris, 935 F.3d 670, 675-76 (9th Cir. 2019). However, "there are rare cases where an affirmative defense, such as immunity, may be so clear on the face of the complaint that dismissal may qualify as a strike for failure to state a claim," id. at 676, and as Plaintiff was apparently attempting to sue a state agency for money damages in federal court, the Court finds that this is one of those "rare" cases.

[2] It appears that this case was dismissed for several independent reasons, including that it was "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." CDC-R Trust Office, ECF No. 5, p. 1. As the only comment in the "Comments" section is "Because the California Tort Claims Act provides an adequate post-deprivation remedy for a prisoner's property deprivations, Barnett v. Centoni, 31 F.3d 813 (9th Cir. 1994), no viable due process claim is pleaded," (id.), it appears that this action was dismissed for failure to state a claim.

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g). In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." Stine v. Fed. Bureau of Prisons, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting Pettus v. Morgenthau, 554 F.3d 293, 298-99 (2d Cir. 2009)).

Because Plaintiff is proceeding *pro se*, the Court must liberally construe Plaintiff's allegations in making the imminent danger determination. Andrews, 493 F.3d at 1055 (9th Cir. 2007).

None of the factual allegations in Plaintiff's Complaint suggest that he was in imminent danger of serious physical injury at the time he filed his Complaint on September 12, 2022.

Plaintiff brings an Eighth Amendment excessive force claim based on a beating by several Officers that allegedly happened on July 28, 2018, more than three years before he filed the Complaint, and at a time when Plaintiff was incarcerated at Kern Valley State Prison in Delano, California. Plaintiff was incarcerated at California State Prison-Sacramento in Represa, California, when he filed the Complaint for this action. There is no indication that the beating he allegedly suffered in July 2018 placed Plaintiff in imminent danger of serious physical injury in September 2022 while incarcerated at a different state prison.

As Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wishes to proceed with the action.[3]

///

///

---

[3] The financial department of the Court reports that to date, Plaintiff has not paid any portion of the $402.00 filing fee owed for this case. (Court Financial Department.)

///

## IV. CONCLUSION, ORDER, AND RECOMMENDATIONS

The Court finds that under U.S.C. § 1915(g), Plaintiff may not proceed *in forma pauperis* in this action. Accordingly, the Clerk of Court **IS HEREBY DIRECTED TO** randomly assign a United States District Judge to this case.

**AND**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's *in forma pauperis* status be REVOKED;
2. The Court's order issued on September 29, 2022, granting Plaintiff leave to proceed *in forma pauperis*, be VACATED (ECF No. 8);
3. The Court's order issued on September 29, 2022, directing monthly payments be made from Plaintiff's prison trust account for payment of the filing fee, be VACATED (ECF No. 9);
4. The CDCR be served with a copy of this order; and
5. Plaintiff be DIRECTED to pay the $402.00 filing fee in full within thirty days if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after the date of service of these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 4, 2023**          **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE